UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Susie V. Scales, | Case No.: 16cv1107-LAB-BGS |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.     BACKGROUND

Before this Court is a Motion to Proceed *In Forma Pauperis* ("IFP"), filed by Plaintiff Susie V. Scales.  (ECF No. 2.)  Plaintiff filed a Complaint seeking judicial review of a decision by the Commissioner of Social Security denying her application for disability benefits.  (ECF No. 1.)

## II.     DISCUSSION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 24 U.S.C. § 1914(a).  An action may proceed despite a plaintiffs failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(a)(I),

1

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed *in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g., Stehouwer v. Hennessey*, 851 F.Supp. 316, (N.D.Cal. 1994), *vacated in part on other grounds*, *Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and $110 per month from family); *Allen v. Kelly*, 1995 WL 396860 at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to

proceed *in forma pauperis*, later required to pay $120 filing fee out of $900 settlement proceeds); *Ali v. Cuyler*, 547 F.Supp. 129, 130 (E.D. Pa. 1982) (*in forma pauperis* application denied: "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action."). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff receives $407 a month from early retirement, and $194 a month in food stamps. (ECF No. 2 at 2.) Plaintiff's expenses total, at a minimum, $353, not including food costs. (*Id.* at 3.) Plaintiff states that she has been unemployed since 2012, and has no assets or money in cash, checking, or saving accounts. (*Id.* at 2.) Based on the information provided, the Court finds that Plaintiff is unable to pay the required filing fee. Accordingly, Plaintiff's motion to proceed IFP is **GRANTED**.

## III.   CONCLUSION

For the reasons addressed above, the Court GRANTS Plaintiff's motion to proceed IFP (ECF No. 2). In light of the Court's ruling on the IFP motion, the Court orders as follows:

1. The United States Marshal shall serve a copy of the Complaint filed on May 7, 2016 and an accompanying summons upon Defendants as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant or Defendant's counsel and the date of service. Any paper received

by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a Certificate of Service will be disregarded.

IT IS SO ORDERED.

Dated:  May 12, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge

16cv1107-LAB-BGS